UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ESTATE OF IBRAGIM TODASHEV, by
HASSAN SHIBLY, as Personal Representative
of the ESTATE OF IBRAGIM TODASHEV,
and for the Survivors, ABDULBAKI
TODASHEVE, Father, and ZULLA
TODASHEVA, Mother.

             Plaintiff,

v.                                               CASE NO. 6:17-cv-0919-CEM-DCI

UNITED STATES OF AMERICA and
AARON McFARLANE, CHRISTOPHER
JOHN SAVARD, CURTIS CINELLI, and
JOEL GAGNE, individually,

             Defendants.
_____/

**THE INDIVIDUAL FEDERAL DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

COME NOW the Individual Federal Defendants, Special Agent Aaron McFarlane and Task Force Officer Christopher Savard, by and through the undersigned counsel, hereby file this reply brief in support of their motion to dismiss the amended complaint.

In his omnibus opposition, Plaintiff states that SA McFarlane and TFO Savard conspired to engage in "coercive sequestration, to force Todashev to forge the chains of his own imprisonment." Opp., at 12 (ECF 43). Elsewhere, he states that this so-called "coercive sequestration" claim is not "dissimilar" to the facts in *Bivens* where the officers entered the plaintiff's apartment and made a Fourth Amendment seizure without probable cause. *Id.* at 13. Based on that characterization, we interpret this to mean that Plaintiff is now attempting to recast a portion of his constitutional and related "conspiracy" claims

(Counts Two to Five) as one for unlawful seizure, separate and distinct from his use-of-force claim. But even if that were what was actually pled in the amended complaint, SA McFarlane and TFO Savard would be entitled to qualified immunity on this claim. *See* Motion, at 6-7 (ECF 36) (setting forth the qualified immunity standard).

"[P]laintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (citation omitted). Thus, we will limit our discussion to the allegations in the amended complaint. Plaintiff alleges four times in conclusory fashion that Todashev was "effectively seized;" three times that he was "unable to leave;" and further that all four officers used unspecified "pressure" and "threats" and SA McFarlane used physical force to prevent Todashev from asserting unspecified rights. Am. Compl. ¶¶ 75, 120-22, 134, 137-38, 148-149, 162 (ECF 32). Plaintiff also alleges "[t]he officers followed Todashev everywhere he went in the apartment, even following him to the bathroom and watching him as he urinated." *Id.* ¶ 74. These allegations do not state an unlawful seizure claim.

A person is seized under the Fourth Amendment "when the officer, by means of physical force or show of authority, terminates or restrains his freedom of movement." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (citation omitted). Plaintiff does not allege that Todashev was *actually physically* seized during the interview, only that he was "effectively seized." Am. Compl. ¶¶ 121, 137, 149, 162 (ECF 32). Thus, to state a claim, he must allege, with supporting factual content, a show of authority and submission to that assertion of authority. *United States v. Dolomon*, 569 F. App'x 889, 892 (11th Cir. 2014) (citing *Cal. v. Hodari D.*, 499 U.S. 621, 626 (1991)). Moreover, a seizure alone is insufficient to state a Fourth Amendment claim; the seizure must also be unreasonable.

*Brower v. Cty. of Inyo*, 489 U.S. 593, 599-600 (1989). To make that determination, the Court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Scott v. Harris*, 550 U.S. 372, 383 (2007) (citation omitted).

Plaintiff never alleges that the officers lacked consent to enter the apartment, alleging only that "[t]his final interview was set in the apartment where he stayed." Am. Compl. ¶ 68 (ECF 32). In fact, Plaintiff concedes in his omnibus response that "the officers entered with consent." Opp., at 13 (ECF 43). In any event, "courts are much less likely to find the circumstances custodial when the interrogation occurs in familiar or at least neutral surroundings, such as the suspect's home." *United States v. Gomes*, 279 F. App'x 861, 868 (11th Cir. 2008) (citation omitted). Thus, Plaintiff must allege additional factual content to plausibly suggest that this interview, conducted with initial consent to enter the apartment, was both a seizure and an unreasonable one.

The bare allegation that "prior to any showing of probable cause, Todashev was effectively seized," Am. Compl. ¶¶ 121, 137, 149, 162 (ECF 32), is a legal conclusion this Court cannot consider. *ADA v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010); *Hall v. O'Clallaghan*, No. 13-3066, 2013 U.S. Dist. LEXIS 195051, *7 (D. Neb. June 26, 2013) ("Legal conclusions that the plaintiff was 'illegally seized' or that the defendants acted 'without probable cause' are insufficient to survive a motion to dismiss."). The bare allegation that Todashev was "unable to leave," Am. Compl. ¶ 75, 122, 138 (ECF 32), is a conclusory one not entitled to an assumption of truth. *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010); *see also United States v. Smith*, No. 13-10064, 2013 U.S. Dist. LEXIS 163009, *13 (D. Mass. Nov. 14, 2013) (bare statement that suspect did not feel

free to leave is conclusory); *United States v. Wilkes*, No. 12-107, 2013 U.S. Dist. LEXIS 8005, *4 (D. Conn. Jan. 20, 2013) (same); *United States v. Rijo*, 2006 U.S. Dist. LEXIS 80576, *44 (W.D.N.Y. July 19, 2006) (same). And the allegation that all four officers used unspecified "extreme pressure" and "threats" and SA McFarlane used physical force to prevent Todashev from asserting unspecified rights, Am. Compl. ¶¶ 120, 134, 148b. (ECF 32), is just a formulaic attempt to recite an unlawful seizure claim that fails to specify what exactly each officer did and when. That is patently insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And contrary to the suggestion that Todashev felt unfree to leave, Plaintiff alleges that he "apparently attempted to leave." Am. Compl. ¶ 84 (ECF 32). It is well settled there is no seizure when the suspect does not in fact submit to a show of authority. *Hodari D.*, 499 U.S. at 626 & n.2. It is also settled that "speculative and conclusory allegations won't survive a motion to dismiss." *Abreu-Velez v. Bd. of Regents of the Univ. Sys. of Ga.*, 631 F. App'x 888, 890 (11th Cir. 2015).

Instead, Plaintiff must plead additional factual content of what SA McFarlane and TFO Savard did in that apartment after receiving initial consent to enter that would have made a reasonable person feel he was not free to leave or terminate the interview. He clearly cannot do that with respect to TFO Savard, who is alleged to have been outside the entire time. Am. Compl. ¶¶ 73, 76, 83 (ECF 32). Otherwise, Plaintiff pleads only one arguably relevant, albeit still generic, fact: that the officers followed Todashev around the apartment, including the bathroom. *Id.* ¶ 74. That one allegation fails state a claim. The Eleventh Circuit has held that a person who consents to an interview in his home is not seized where, "as a safety precaution, the agents always followed him or kept him in sight." *United States v. Opoku*, 210 F. App'x 848, 850-52 (11th Cir. 2006); *see also Ozga*

*v. Elliot*, 150 F. Supp. 3d 178, 195 n.8 (D. Conn. 2015) (monitoring suspect while in bathroom not a seizure); *United States v. Perry*, No. 16-334, 2017 U.S. Dist. LEXIS 149254, *24-25 (N.D. Ga. Aug. 4, 2017) (same); *United States v. Augustin*, No. 11-41, 2011 U.S. Dist. LEXIS 128319, *9-10 (N.D. Ga. Aug. 19, 2011) (same). And even if Todashev were "effectively seized" when the agents followed him around the apartment, there is no binding case law clearly establishing that any such "seizure" would have been unreasonable under the Fourth Amendment, especially in light of the Eleventh Circuit's recognition that such conduct on behalf of law enforcement serves an important "safety precaution." *Opoku*, 210 F. App'x at 850-52.

Because there can be no serious dispute that SA McFarlane and TFO Savard were acting within their discretionary authority when they investigated Todashev, the burden shifts to Plaintiff to show that qualified immunity is improper. *Gray v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006). To do so, Plaintiff must allege specific facts showing both a Fourth Amendment violation *and* that every reasonable officer would have known that the alleged misconduct violated a clearly established constitutional right. *Id.* at 1306. Based on the foregoing, Plaintiff cannot come close to making either showing.

In sum, Plaintiff has failed to allege a Fourth Amendment violation arising out of the interview in Todashev's home, and *Chavez v. Martinez*, 538 U.S. 760 (2003), forecloses any potential Fifth Amendment violation, *see* Motion, at 8-9 (ECF 36). Thus, this Court should dismiss Counts Two to Five to the extent they challenge any conduct as it relates to the interview of Todashev in his apartment separate and distinct from the alleged use-of-force claim (Count Two) against SA McFarlane, with respect to which SA McFarlane has not moved to dismiss. This 14th day of December, 2017.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General, Civil Division

W. STEPHEN MULDROW
Acting United States Attorney

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch, Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch, Civil Division

<u>/s/ Siegmund F. Fuchs</u>
SIEGMUND F. FUCHS
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7146
Washington, D.C. 20044-7146
Tel (202) 616-4322; Fax (202) 616-4314
siegmund.f.fuchs@usdoj.gov

Attorneys for the Individual Federal Defendants

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

James V. Cook, Esq.
Thania Diaz Clevenger, Esq.
Tark Aouadi, Esq.
Daniel W. Eckhart, Esq.
David J. Officer, Esq.
Gregory P. Benoit, Esq.
Ralph E. Hopkins, Esq.

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice