UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ESTATE OF IBRAGIM TODASHEV, by
HASSAN SHIBLY, as Personal Representative
of the ESTATE of IBRAGIM TODASHEV,
and for the Survivors, ABDULBAKI
TODASHEVE, Father, and ZULLA
TODASHEVA, Mother

    Plaintiff,

v.

UNITED STATES OF AMERICA and
AARON McFARLANE, CHRISTOPHER
JOHN SAVARD, CURTIS CINELLI, and
JOEL GAGNE, INDIVIDUALLY

    Defendants.
_____/

CASE NO. 6:17-cv-919-Orl-41GJK

**UNITED STATES OF AMERICA'S MOTION TO DISMISS
CLAIMS OF NEGLIGENT HIRING, SUPERVISION AND RETENTION OF
AGENTS AND EMPLOYEES IN 2nd AMENDED COMPLAINT (DKT. 48)**

COMES NOW the United States of America ("USA"), by and through the undersigned Assistant United States Attorney, and pursuant to Rule 12(b)(1) and (6), Fed. R. Civ. P. moves to dismiss Plaintiff's claims of negligent hiring, supervision and retention of FBI Special Agent Aaron McFarlane in Cause of Action I ("Count One") of Plaintiff's second amended complaint ("Complaint") (Dkt. 48) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1]

---

[1] See, Dkt. 48 at ¶¶ 11-25 and 123-126. The USA is not, at this stage, seeking dismissal of Plaintiff's wrongful death claim under the FTCA. The USA will file an answer to the Complaint once the Court rules on the USA's Motion to Dismiss, unless the Court directs the filing of an answer sooner. *See Jacques v. The First Liberty Ins. Corp.*, No. 16-1240, 2016 U.S. Dist. LEXIS 80556, *2 (M.D. Fla. June 9, 2016) ("The majority of courts considering this question have concluded that a party need not file an answer while a partial motion to dismiss is pending.")

1

## SYNOPSIS

Plaintiff again brings two claims against the USA pursuant to the Federal Tort Claims Act ("FTCA"). The first claim is for wrongful death and the second is for the negligent hiring, supervision and retention of Special Agent Aaron McFarlane.[2]

The USA contends that Plaintiff's claim for negligent hiring, supervision and retention of Special Agent McFarlane must be dismissed because the Court lacks subject-matter jurisdiction under the discretionary function exception to the FTCA's waiver of sovereign immunity, and the complaint fails to plead sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.

## BACKGROUND

Plaintiff Hassan Shibly, as Personal Representative of the Estate of Ibragim Todashev and for his surviving parents, Abdulbaki Todasheve and Zulla Todasheva, files this Complaint against (1) the United States of America, (2) two federal officers in their individual capacities: Special Agent (SA) Aaron McFarlane of the Federal Bureau of Investigation (FBI) and retired Police Officer Christopher Savard of the Orlando Police Department, also a Task Force Officer for the FBI's Joint Terrorism Task Force; and (3) two Massachusetts State Troopers: Curtis Cinelli and Joel Gagne. (Dkt. 48, ¶¶ 4-8).

According to the Complaint, Ibragim Todashev became of interest to the FBI due to his friendship with Tamerlan Tsarnaev, a participant in the Boston Marathon bombing. *Id.* ¶ 27. Troopers Cinelli and Gagne were also investigating a triple murder in Waltham,

---

[2] Plaintiff's claim of negligent hiring, supervision and retention relates to the hiring of Special Agent Aaron McFarlane, also sued in his individual capacity. Plaintiff fails to identify any employee of the USA who was responsible for the hiring, supervision and retention of Special Agent McFarlane.

2

Massachusetts, that was linked to Tsarnaev. *Id.* ¶ 29. On May 21, 2013, Officer Savard contacted Todashev to arrange a meeting with him and all four individual defendants. *Id.* ¶¶ 68-69. The interview occurred in Todashev's apartment and Todashev invited a friend. *Id.* ¶¶ 68-69. The interview began around 7:00 p.m. *Id.* ¶ 76. The friend remained outside with Officer Savard until approximately 11:00 p.m., when Officer Savard allegedly told him to leave. *Id.* ¶¶ 79-80. Inside the home, SA McFarlane and Troopers Gagne and Cinelli continued to interview Todashev. *Id.* ¶ 82.

The Complaint alleges that Gagne "went outside to call the district attorney … leaving McFarlane and Cinelli alone in the apartment with Todashev." *Id.* ¶ 86. The Complaint then alleges that just after midnight Gagne and Savard heard two volleys of shots inside the apartment, entered the apartment and saw Todashev dead on the floor. *Id.* ¶¶ 87-89.

The Complaint alleges four claims: (1) a wrongful death claim against the United States under the Federal Tort Claims Act (including negligent hiring, supervision and retention of SA McFarlane), 28 U.S.C. § 2671, *et seq.* (Count One); (2) a Fourth Amendment excessive force claim against SA McFarlane and Officer Savard pursuant to *Bivens* (Count Two); (3) a Fourth Amendment excessive force claim against Troopers Gagne, Cinelli and Savard under 42 U.S.C. § 1983 (Count Three); and (4) a vague "conspiracy" claim against McFarlane and Savard (Count Four); and a similar conspiracy claim against Cagne, Cinelli, and Savard under 42 U.S.C. 1983. This motion addresses Count One against the United States of America.

3

This case is brought against the USA pursuant to the FTCA, 28 U.S.C. § 2671, et seq.  Plaintiff alleges Ibragim Todashev (deceased) was "unlawfully" shot and killed by Special Agent Aaron McFarlane acting within the course and scope of his employment with the Federal Bureau of Investigation ("FBI")(Dkt. 48 at ¶¶ 9, 128).

Plaintiff seeks to hold the USA liable for wrongful death and the negligent hiring, supervision and retention of one FBI agent, Aaron McFarlane (Dkt. 48 at ¶¶ 123-129).  The only factual allegations of negligent hiring, supervision and retention with regard to agent McFarlane are found in the Complaint at paragraphs 11 – 25, 124-126 (Dkt. 48), and are repeated below:

11. Prior to working for the FBI, McFarlane had a blemished career as a police officer for the Oakland Police Department in Oakland, California.

12. While an Oakland Police Officer, McFarlane was the subject of two police brutality lawsuits and four internal affairs investigations.

13. In 2003, McFarlane was defense witness in *People v. Siapno*, also known as the infamous "Riders" case.

14. The "Riders" were Oakland Police Officers who were associated with illegitimate police methods, including beatings and planting evidence.

15. McFarlane "was believed" to be providing "cover" for the Riders by filing false police reports that corroborated the Riders' version of events.

16. McFarlane was charged in Internal Affairs with fabricating reports.

17. When McFarlane was questioned on falsifying police reports in a 2003 "Riders" criminal trial, he invoked his Fifth Amendment privilege.

18. Subsequently, McFarlane was offered immunity by the prosecutor and testified further in the case under the grant of immunity.

19. The next year, McFarlane retired from the Oakland Police Department, claiming disability and, thereupon, began receiving disability payments.

20. McFarlane was still receiving disability payments at the time he was hired by the FBI which continued through the time he killed Mr. Todashev.

21. No substantial background vetting on McFarlane's questionable links with the Riders organization was ever undertaken prior to his being sworn in.

22. Some FBI regulations relating to hiring, supervision, and retention involve discretionary functions, but those that implicate fitness do not.

23. In hiring McFarlane, the FBI ignored or violated a ministerial duty to screen out unfit candidates and to monitor and terminate abusive agents.

24. These are functions that permit no exercise of judgment or choice.

25. In fact, the FBI hired McFarlane because of his known unscrupulous methods and willingness to work outside the law.

***

124. Only some hiring, supervision, and retention functions are discretionary.

125. The negligent acts complained of by Plaintiff are not of the sort that the discretionary function exception was designed to shield.

126. His supervisors knew McFarlane was unfit as a law enforcement officer when hired and that he routinely abused rights yet failed to terminate him.[3]

Based on these alleged facts, Plaintiff claims that unnamed persons at the FBI "knew McFarlane was unfit to serve as a sworn law enforcement officer when he was hired and failed to terminate him" and "caused injury and death to the Decedent and harm to his Estate and Survivors." (Dkt. 48, ¶¶ 126, 129).

The USA now moves to dismiss the negligent hiring, supervision and retention claims on the ground that (a) the Court lacks subject-matter jurisdiction to address those claims and (b) failure to state a claim upon which relief can be granted. The decisions to

---

[3] Paragraph 21 is the only additional alleged fact concerning negligent hiring, supervision and training not contained in Plaintiff's Amended Complaint at Docket 32.

hire, supervise and retain employees are "discretionary function[s]" of the United States that are not permitted to be brought under the FTCA. See, 28 U.S.C. § 2680(a).

## MEMORANDUM OF LAW

### A. *Legal Standard*

#### 1. *Motion to Dismiss for Lack of Subject-Matter Jurisdiction*

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. may be either a "facial" or "factual" challenge to the complaint. *See McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial attack, the amended complaint's allegations are presumed to be true and the court is "required merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1233 (11th Cir. 2008)(citations omitted).

In a factual attack, subject-matter jurisdiction is challenged irrespective of the pleadings. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (citations omitted). Importantly, in a factual attack the Court can independently weigh the facts and is not "constrained to view them in the light most favorable to the non-movant." *Id.* Plaintiff's burden is to both establish jurisdiction and prove that the discretionary function exception does not apply. *Slappery v. U.S. Army Corps. of Engs.,* 571 F. App'x 855, 856 (11th Cir. 2014).

#### 2. *Motion to Dismiss for Failure to State a Claim*

"A district court considering a motion to dismiss [pursuant to Rule 12(b)(6)] shall

begin by identifying conclusory allegations that are not entitled to an assumption of truth." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). The court must also "eliminate any allegations in the complaint that are merely legal conclusions." *ADA v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). The court need not accept as true unwarranted deductions of fact. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). After isolating the "well-pleaded factual allegations," the court must "then determine whether they plausibly give rise to an entitlement to relief." *Randall*, 610 F.3d at 710. The court is free to "infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Cigna Corp.*, 605 F.3d at 1290 (citation omitted). "A complaint is subject to dismissal under Rule 12(b)(6) when the allegations in the complaint, on their face, show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2003) (en banc).

### B. Argument

#### 1. *Plaintiff Has Failed to State a Claim of Negligent Hiring, Supervision and Retention*

Plaintiff's claims of negligent hiring, supervision and retention are based on nothing more than unsupported legal conclusions devoid of any specific factual basis for those

conclusions. Accordingly, Plaintiff's claims of negligent hiring, supervision and retention of SA McFarlane must be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P.

The Plaintiff's averments with regard to factual background state only in conclusory terms, without specifics or facts, that Special Agent McFarlane had a "blemished career"; was the subject of "two police brutality lawsuits and four internal affairs investigations"; was "a defense witness" in a case; asserted his "Fifth Amendment Privilege" after being "questioned on falsifying police reports"; and that he was "receiving disability payments at the time he was hired by the FBI". (Dkt. 48, ¶¶ 11 – 20). With regard to negligent hiring, supervision and retention, Plaintiff avers again in only conclusory terms that the FBI "knew McFarlane was unfit as a law enforcement officer when he was hired and that he routinely abused rights yet failed to terminate him." (Dkt. 48, ¶ 126).

Plaintiff fails to allege any specific facts to support a theory of negligent hiring, supervision or retention. For example, Plaintiff avers that the FBI was aware of McFarlane's history of "misconduct" when they hired him, but the Complaint fails to describe the "misconduct", what McFarlane did or when he did it. To the extent that Plaintiff may attempt to link "misconduct" to McFarlane's "blemished career" or the fact that he was the subject of lawsuits or investigations, the failure to specifically describe the lawsuits or investigations or how the lawsuits or investigations were resolved is fatal to Plaintiff's amended complaint. Plaintiff alleges that McFarlane was hired because of his "unscrupulous methods and willingness to work outside the law" but the amended complaint fails to describe the "methods", how they were "unscrupulous", or identify

anyone at the FBI who had knowledge of McFarlane's background. Without specific factual detail to support these naked assertions, Plaintiff's claim of negligent hiring, supervision and retention fails to state a claim for relief that is plausible on its face and must be dismissed. *Tropic Ocean Airways, Inc. v. Floyd,* 2014 WL 7373625, at *1 (11th Cir. Dec. 30, 2014) (quoting *Iqbal*, 556 U.S. at 678).

### 2. Plaintiff's Negligent Hiring, Supervision and Retention Claims Are Barred by the Discretionary Function Exception to FTCA Liability

The Government's decision to hire, supervise and retain employees of the Federal Bureau of Investigation are "discretionary function[s]" of the United States that are not permitted to be brought under the FTCA. Accordingly, the Court lacks subject-matter jurisdiction over those claims pursuant to Rule 12(b)(1), Fed. R. Civ. P.

In the FTCA, the United States waives its sovereign immunity from liability for certain negligent acts committed by employees of the United States. The United States has not waived its sovereign immunity for claims based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty." 28 U.S.C. § 2680(a).

A two-part inquiry determines whether the discretionary function exception applies. First, the Court must ascertain if the conduct at issue involved an " 'element of judgment or choice'." *United States v. Gaubert,* 499 U.S. 315, 322 (1991) (quoting *Berkovitz v. United States,* 486 U.S. 531, 536 (1988)). The requirement of "judgment or choice" is not satisfied if a statute, regulation or policy mandates that an employee follow a particular course of action. *Id.* Second, if there is no statute, regulation or policy and an element of judgment is found

to exist, the second prong requires the Court to determine whether the " 'judgment is of the kind that the discretionary function exception was designed to shield'." *Id* at 322-23. When undertaking this analysis the Court "must construe waivers strictly in favor of the sovereign." *Library of Congress v. Shaw,* 478 U.S. 310, 318 (1986).

      Here, Plaintiff avers that the United States (through its agency the FBI) negligently hired, supervised and retained Special Agent Aaron McFarlane with no specifics about how the hiring, supervision or retention was negligent or lacking. (Dkt. 48, ¶¶ 11-25, 124-126). In the declaration of Lindsay R. Everette, the United States represents that there are no regulations or requirements prohibiting the FBI from hiring Special Agents with past medical issues, or past involvement in litigation or with past allegations of the use of excessive force. The USA represents that the FBI retains discretion over the hiring of Special Agents in areas of educational background, past employment, and other areas. ***Declaration of Everette, Exhibit 1***.

      "Courts have consistently held that governmental action regarding employment and termination are an exercise of policy judgment and fall within the discretionary function exception to the FTCA's waiver of sovereign immunity." *Brons v. United States,* 2015 WL 630433 *4 (N.D. Ga. 2015) *citing LeRose v. United States*, 285 F.App'x 93, 97 (4th Cir. 2008); *Sydnes v. United States,* 523 F.3d 1179, 1185-86 (10th Cir. 2008); *Bolduc v. United States,* 402 F.3d 50, 60-62 (1st Cir. 2005); *Burkhart v. Washington Metro. Area Transit Auth.,* 112 F.3d 1207 1217 (D.C.Cir. 1997); *Tonelli v. United States,* 60 F.3d 492, 496 (8th Cir. 1995). *See also, Snyder v. United States,* 990 F.Supp. 2d 818 (S.D.Ohio 2014) (dismissing claims for negligent hiring, supervision and retention of FBI agents under discretionary function exception to FTCA

liability).

      Here, as in the above-cited cases, Plaintiff's claim for negligent hiring, supervision and retention challenges employment decisions that are inherently discretionary. The FBI's decisions regarding the hiring, supervision and retention of its agents are not governed by mandatory policies, statutes or regulations but rather by policy considerations about an agent's education, prior work history, background, individual characteristics, and budgetary considerations, to name few. Additionally, the agency's hiring, supervision and retention of its agents requires the exercise of judgment and takes into account, among other things, the safety and security of the investigating agents, the individual, educational, and professional backgrounds of the particular agents, employer intuition, as well as economic conditions and budgetary considerations.[4]

      In an attempt to defeat the USA's discretionary function defense, Plaintiff unsuccessfully alleges in his Complaint that "[s]ome FBI regulations relating to hiring, supervision, and retention involve discretionary functions, *but those that implicate fitness do not.*" (Dkt. 48, ¶ 22) (emphasis added). This is an unsupported conclusion lacking factual detail or support. Nowhere in the amended complaint does Plaintiff allege, discuss, or identify the regulations that implicate fitness. Plaintiff unsuccessfully alleges that "In hiring McFarlane, the FBI ignored or violated an *operational duty* to screen unfit candidates and to monitor and terminate abusive agents." (*Id,* ¶ 23). This is also an unsupported conclusion lacking factual detail or support and must be eliminated from the Court's consideration of

---

[4] There are no applicable mandatory statutes or regulations that control or constrict the FBI's exercise of discretion in the hiring, supervision and retention of its agents; nor has Plaintiff identified any. See *Declaration of Everette, Exhibit 1*.

the USA's motion to dismiss. Nowhere in the amended complaint does Plaintiff allege, discuss, or identify the "operational duty" or indicate where the "operational duty" is found or what it states. The Plaintiff goes on to conclude that the functions identified above "permit no exercise of judgment or choice." (*Id,* ¶ 24). This is also an unsupported conclusion not entitled to reliance by the Court. Plaintiff's assertion that there are regulations or policies (so-called "functions") that "permit no exercise of judgment or choice" is meaningless without identifying those regulations or policies or identifying the portions of those regulations or policies that are not discretionary. Finally, Plaintiff alleges that "the FBI hired McFarlane because of his known unscrupulous methods and willingness to work outside the law." (*Id,* ¶ 25). This is also an unsupported conclusion without factual detail or support and not entitled to reliance by the Court. Plaintiff offers nothing to support the allegation that McFarlane's so called "unscrupulous methods" or "willingness to work outside the law" were motivating factors in the hiring of McFarlane. Indeed, as far as the discretionary function defense goes this allegation supports that the decision to hire McFarlane would have been discretionary and not governed by any regulation or policy based upon fitness as previously alleged.

Accordingly, Plaintiff's claim for negligent hiring, supervision and retention challenges the discretionary decisions made by the FBI in the hiring, supervision and retention of Special Agent McFarlane and for that reason must be dismissed for lack of subject-matter jurisdiction.

Dated:  February 5, 2018                                Respectfully submitted,


                                                        MARIA CHAPA LOPEZ
                                                        United States Attorney

                                        By:     /s/ Ralph E. Hopkins
                                                Ralph E. Hopkins
                                                Assistant United States Attorney
                                                Florida Bar No. 0972436
                                                400 W. Washington Street, Suite 3100
                                                Orlando, Florida 32801
                                                Telephone: (407) 648-7562
                                                Facsimile: (407) 648-7588
                                                Email:  Ralph.Hopkins@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Tark Aouadi, Esq.
Bregory P. Benoit, Esq.
Thania Diaz Clevenger, Esq.
James V. Cook, Esq.
Daniel Echhart, Esq.
Siegmund Fuchs, Esq.
David J. Officer, Esq.
Richrd J. Rafferty, Esq.

                                              */s/ Ralph E. Hopkins*
                                       Assistant United States Attorney