UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ESTATE OF IBRAGIM TODASHEV,**

**Plaintiff,**

**v.**                                                            **Case No:  6:17-cv-919-Orl-41GJK**

**UNITED STATES OF AMERICA,**

**Defendant.**

_____/

**ORDER**

THIS CAUSE is before the Court on Defendant United States of America's Motion for Summary Judgment ("Motion," Doc. 75), as well as Plaintiff's Motion to Alter or Amend Judgment ("Motion to Alter Judgment," Doc. 89). For the reasons stated herein, Defendant's Motion will be granted, and Plaintiff's Motion to Alter Judgment will be denied.

**I.      BACKGROUND**

Plaintiff filed suit as the personal representative for the Estate of Ibragim Todashev and his survivors after Todashev was killed by FBI Agent Aaron McFarlane. (*See generally* Compl., Doc. 1). All original Defendants filed Motions to Dismiss (Doc. Nos. 59, 60, 63), which were all granted. (*See generally* August 17, 2018 Order, "Dismissal Order," Doc. 87). Additionally, Agent McFarlane filed a Motion for Summary Judgment on the Fourth Amendment excessive force claim against him, which was also granted, and the Court found Agent McFarlane's use of force to have been objectively reasonable. (*See id.*). The only remaining claim is against the United States brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, for wrongful death.

## II.   LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.* "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

## III.   ANALYSIS

### 1.   *Motion for Summary Judgment*

Under the FTCA this Court has jurisdiction over any claim for "death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the

scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). According to the FTCA, the substantive law of Florida—where the acts occurred—determines whether the United States is liable. Thus, the United States' liability depends on whether Agent McFarlane committed a tort under Florida law.

Under section 768.28(9)(a) of the Florida Statutes, law enforcement officers are liable if they act "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Thus, according to Florida law, officers cannot be liable in negligence. Similarly, the United States cannot be liable based on a theory of negligence for the use of excessive force because Florida courts have held that "excessive force necessarily involves the intentional tort of battery" and a wrongful death claim against the United States "fails to the extent it is based on negligence for the use of excessive force." *Bolander v. Taser Intern.*, Inc., 07-cv-80789, 2009 WL 2004379, at *17 (S.D. Fla. July 9, 2009); *see also Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1294 (11th Cir. 2009) ("it is inapposite to allege the negligent commission of an intentional tort, such as the use of excessive force."). Accordingly, Plaintiff's claim for wrongful death based on negligence against the United States under the FTCA must fail.

Plaintiff's claim based on an intentional tort also fails. In Florida, "[i]f excessive force is used in an arrest, the ordinarily protected use of force by a police officer is transformed into a battery." *City of Miami v. Sanders*, 672 So. 2d 46, 47 (Fla. 3d DCA 1996). However, if the amount of force used was reasonable under the circumstances, then there is no cause of action for battery. *See Haberski v. Bufano*, 728 F. App'x 903, 909 (11th Cir. 2018) ("A battery claim for excessive force is analyzed by focusing upon whether the amount of force used was reasonable under the

circumstances.") This Court found McFarlane's use of force to be objectively reasonable. (Doc. 87 at 25). Therefore, Agent McFarlane did not commit a battery under Florida law.

Because McFarlane did not commit a tort under Florida law, the United States cannot be held liable for wrongful death under the FTCA. *See Bolander*, 2009 WL 2004379, at *16 (finding that there was no claim for wrongful death where the amount of force used was judged to be reasonable); *Greer v. Ivey*, 242 F. Supp. 3d 1284, 1312 (M.D. Fla. 2017) (holding that when an officer "employed an amount of force that was not clearly excessive, but rather, reasonable under the circumstances" the officer could not be liable in tort for the use of force); *Btesh v. City of Maitland, Fla*., 6:10-cv-71-ORL-19DAB, 2011 WL 3269647, at *39 (M.D. Fla. July 29, 2011), *aff'd*, 471 F. App'x 883 (11th Cir. 2012) ("[b]ecause [the] Officer . . . is not liable for battery, . . . the City of Maitland cannot be liable for the battery").

Finally, to the extent that Plaintiff's FTCA claim for wrongful death may be premised on a Constitutional violation, that claim also fails. Excessive force is a violation of the Fourth Amendment. *Saunders v. Duke*, 766 F.3d 1262, 1265 (11th Cir. 2014). The United States cannot be held liable for a deprivation of Constitutional rights that was found not to have occurred. *See Case v. Eslinger,* 555 F.3d 1317, 1328 (11th Cir. 2009) ("[A]bsent a violation of Case's constitutional rights by Officer Davis, both Sheriff Eslinger and the City, as Davis's principals, are entitled to summary judgment."); *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) ("[N]either *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact . . . the officer inflicted no constitutional harm."). Thus, the United States is entitled to summary judgment of Count I of the Second Amended Complaint.

    2.    *Motion to Alter Judgment*

In his Motion to Alter Judgment, Plaintiff argues that the Court should reconsider the analysis in its Dismissal Order. (*See generally* Doc. 89). For the reasons set forth below, the Court declines to do so.

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home*

*Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

In his Motion to Alter Judgment, Plaintiff does nothing more than disagree with the Court's analysis and re-hash previous arguments, which is not an adequate basis to reconsider a prior decision. Plaintiff has failed to provide a basis upon which this Court should reconsider its previous Order.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED**  and **ADJUDGED** as follows:

1. The United States' Motion for Summary Judgment (Doc. 75) is **GRANTED**.

2. Plaintiff's Motion to Alter or Amend Judgment (Doc. 89) is **DENIED**.

3. In accordance with this Order and this Court's August 17, 2018 Order (Doc. 87), the Clerk is directed to enter a judgment in favor of Defendant and against Plaintiff.

The Clerk is hereby ordered to close this case.

**DONE** and **ORDERED** in Orlando, Florida on December 20, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record