UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ESTATE OF IBRAGIM TODASHEV, by
HASSAN SHIBLY, as Personal Representative
of the ESTATE OF IBRAGIM TODASHEV,
and for the Survivors, ABDULBAKI
TODASHEVE, Father, and ZULLA
TODASHEVA, Mother.

          Plaintiff,

v.                                       CASE NO. 6:17-cv-0919-CEM-DCI

UNITED STATES OF AMERICA and
AARON McFARLANE, CHRISTOPHER
JOHN SAVARD, CURTIS CINELLI, and
JOEL GAGNE, individually,

          Defendants.
_____/

**INDIVIDUAL FEDERAL DEFENDANT AARON McFARLANE'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

      Individual Federal Defendant Aaron McFarlane, through the undersigned counsel and pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, hereby moves to dismiss, or in the alternative, for summary judgment, and submits the following.[1]

---

[1] SA McFarlane maintains Rule 12(b)(6) is the appropriate vehicle for this motion. Defenses akin to abatement, *i.e.*, that act as a bar to litigation, are not merits-based and thus, are generally raised on a motion to dismiss as opposed one for summary judgment. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008). The judgment bar defense, which is raised in this motion, is akin to abatement in that it automatically bars any litigation arising out of the same subject matter. *See Rodriguez v. Handy*, 873 F.2d 814, 816 (5th Cir. 1989); *Aetna Cas. & Sur. Co. v. United States*, 570 F.2d 1197, 1201 (4th Cir. 1978). While SA McFarlane already filed motions to dismiss in this case, Rule 12(g) only bars successive motions where the "defense or objection . . . was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Here, when those prior motions to dismiss were filed, judgment had not been entered and thus the judgment bar defense was not available. *Will v. Hallock*, 546 U.S. 345, 354 (2006) ("[T]he judgment bar can be raised only after a case under the Tort Claims Act has been resolved in the Government's favor."); *Rodriguez*, 873 F.2d at 817 n.1 (judgment bar defense need not be raised in first responsive pleading because the defense is applicable only after a judgment has been obtained); *see also Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 250 (5th Cir. 2020) (A defense is not 'available' under Rule 12(g)(2) . . . if its legal basis did not [then] exist.") (citation omitted). However, to the extent this Court finds Rule 12 is not the appropriate vehicle for the relief sought, SA McFarlane alternatively moves for summary judgment under Rule 56.

**SYNOPSIS**

Plaintiff litigated a claim against the United States under the Federal Tort Claims Act to judgment and the Eleventh Circuit affirmed. There is no question the *Bivens* claim here arises out of the same subject matter: the shooting of Ibragim Todashev. Thus, the judgment bar found at 28 U.S.C. § 2676 applies to bar the *Bivens* claim.[2]

**UNDISPUTED FACTS**

1. The movant is Individual Federal Defendant Aaron McFarlane, Special Agent (SA) for the Federal Bureau of Investigation (FBI). Plaintiff is Hassan Shibly, as Personal Representative of the Estate of Ibragim Todashev and for his surviving parents, Abdulbaki Todasheve and Zulla Todasheva. SAC ¶¶ 4-5 (ECF 48).

2. On December 29, 2017, Plaintiff filed the second amended complaint, alleging five counts challenging the fatal shooting of Ibragim Todashev:

> Count One: wrongful death for negligence, assault, and battery and negligent hiring/supervision against the United States under the Federal Tort Claims Act;
>
> Count Two: excessive force against SA McFarlane and retired Federal Task Force Officer Christopher Savard under *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971);
>
> Count Three: excessive force against Officer Savard and Massachusetts State Troopers Curtis Cinelli and Joel Gagne under 42 U.S.C. § 1983;
>
> Count Four: conspiracy against SA McFarlane and Officer Savard under *Bivens*;
>
> Count Five: conspiracy against Officer Savard and Troopers Cinelli and Gagne under Section 1983 and 42 U.S.C. § 1985(3).

3. On February 5, 2018, SA McFarlane moved to dismiss Count Four, the conspiracy claim, and separately moved for summary judgment on Count Two, the

---

[2] On appeal, the Eleventh Circuit affirmed the grant of summary judgment in favor of the United States and also affirmed the dismissal of all other individual defendants. (ECF 102). Thus, the only claim remaining in this case is the one *Bivens* claim for excessive force (Count Two) against Defendant Aaron McFarlane.

excessive force claim. (ECF 59, 61). The United States also moved to dismiss a portion of Count One related to negligent hiring/supervision, and the other individual defendants each moved to dismiss all claims against them. (ECF 59, 60, 63).

4. On March 23, 2018, the United States moved for summary judgment on the remainder of Count One, the wrongful death claim for negligence, assault, and battery. (ECF 75). At that point in time, pending motions were filed on all five claims.

5. On August 17, 2018, this Court granted the motions to dismiss filed by SA McFarlane, the United States, and the other individual defendants, and also granted SA McFarlane's motion for summary judgment on the excessive force claim. (ECF 87). This Court entered judgment in favor of SA McFarlane on August 20, 2018, and dismissed him (and all remaining individual defendants) from this case (ECF 87, 88).

6. On December 20, 2018, this Court granted the remaining motion for summary judgment filed by the United States on the merits, finding "McFarlane's use of force to be objectively reasonable," and that "Agent McFarlane did not commit a battery under Florida law." (ECF 94, at 4). This Court concluded that "[b]ecause McFarlane did not commit a tort under Florida law, the United States cannot be held liable for wrongful death under the FTCA." *Id.* This Court entered judgment in favor of the United States on December 21, 2018, and closed the case. (ECF 94, 95).

7. On January 20, 2019, Plaintiff filed a notice of appeal. (ECF 96).

8. On June 19, 2020, the Eleventh Circuit issued its opinion, *reversing* the grant of summary judgment against SA McFarlane, but *affirming* the grant of summary judgment in favor of the United States on the wrongful death claim, finding that

"[b]ecause Plaintiff failed to challenge th[is] ruling[] in his initial brief, he has abandoned any appeal of [it] to this court." (ECF 102, at 6). The mandate has issued. (ECF 103).

## ARGUMENT

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and §§ 2671-2680, provides that "[t]he judgment in an action under section 1346(b) of this title shall constitute a *complete bar* to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676 (emphasis added). Plaintiff here pleaded an FTCA action under § 1346(b) for wrongful death. This Court granted summary judgment on that claim on the merits in favor of the United States, and the Eleventh Circuit affirmed. According to the plain text of § 2676, Plaintiff is "complete[ly] bar[red]" from pursuing "any" claims against SA McFarlane arising from the same subject matter.

The "judgment bar" has been an important feature of the FTCA's remedial compromise from the statute's beginning. Congress waived sovereign immunity for certain tort claims and created the opportunity for plaintiffs to pursue a solvent defendant (the United States). But Congress also included § 2676. "Under the judgment bar provision, once a plaintiff receives a judgment (favorable or not) in an FTCA suit, he generally cannot proceed with a suit against an individual employee based on the same underlying facts." *Simmons v. Himmelreich*, 136 S. Ct. 1843, 1847 (2016).

Congress enacted the judgment bar in part to relax the same-party requirement of common law claim preclusion so that resolution of a plaintiff's FTCA claim against *the United States* would preclude any further litigation against *individual federal employees*. *Id.* at 1849 n.5. The judgment bar serves two purposes then. It prevents burdening the

government with "unnecessarily duplicative litigation." *Id.* at 1849. And it alleviates the strains on federal resources and employee morale that arise from defending claims against individual federal employees by cutting off such claims once the FTCA claim goes to judgment. *Will*, 546 U.S. at 354; *United States v. Gilman*, 347 U.S. 507, 510, 512 n.2 (1954). As the Supreme Court recently stated, if the district court enters judgment on an FTCA claim "because [the plaintiff] simply failed to prove his claim, it would make little sense to give [the plaintiff] a second bite at the money-damages apple by allowing suit against the employees[.]" *Simmons*, 136 S. Ct. at 1849.

Indeed, every court of appeals to consider the question has held that an FTCA judgment on the merits bars a *Bivens* claim based on the same subject matter. *See White v. United States*, 959 F.3d 328, 333-34 (8th Cir. 2020) ("join[ing]" the circuit consensus and ordering district court to dismiss *Bivens* claim); *Unus v. Kane*, 565 F.3d 103, 121-22 (4th Cir. 2009) ("[O]ur sister circuits have consistently viewed the FTCA judgment bar provision as precluding a *Bivens* claim against a government employee when a judgment has been entered on a FTCA claim[.]"); *Manning v. United States*, 546 F.3d 430, 437 (7th Cir. 2008) (adverse judgment on FTCA claim required vacatur of $6.5 million *Bivens* verdict in plaintiff's favor); *Harris v. United States*, 422 F.3d 322, 337 (6th Cir. 2005) ("Courts, including the Sixth Circuit, have consistently read § 2676 to bar a *Bivens* claim against a government employee[.]"); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 858-59 (10th Cir. 2005) ("[T]he judgment bar in § 2676 precludes plaintiffs from bringing a *Bivens* claim regarding the same subject matter regardless of whether the final FTCA judgment is rendered in favor of a plaintiff or the government."); *Gasho v. United States*, 39 F.3d 1420, 1437 (9th Cir. 1994) ("[W]e are not persuaded that

Congress intended to permit a claimant to have a second chance after losing his FTCA action."); *see also Rodriguez*, 873 F.2d at 816 (holding that the plain language of the judgment bar is "broad and sweeping," and that those courts that have held that an FTCA judgment bars a related *Bivens* claim "are transparently correct"). The Eleventh Circuit has not yet had occasion to rule squarely on the judgment bar. However, in *Denson v. United States* it recognized that the majority of courts apply the judgment bar "irrespective of whether the *Bivens* and FTCA claims were brought in the same lawsuit," and "[m]ost courts have also found that § 2676 does not distinguish between judgments entered for or against the United States." 574 F.3d 1318, 1334 n.50 (11th Cir. 2009).[3]

With this background in mind, we now turn to application of the judgment bar in this case. The judgment bar is triggered by "[t]he judgment in an action under Section 1346(b)." 28 U.S.C. § 2676; *see also Will*, 546 U.S. at 354. Here, Plaintiff pleaded an FTCA action under Section 1346(b) for wrongful death based on negligence, assault, and battery, all challenging the fatal shooting of Todashev. (ECF 48 ¶¶ 1, 120-35). This Court granted summary judgment in favor of the United States on the wrongful death claim on the merits, finding that under Florida law allegations of excessive force sound in battery only, and because SA McFarlane's use of force was objectively reasonable, he did not commit a battery under Florida law. (ECF 94, at 3-4). This Court entered final judgment and Plaintiff appealed. (ECF 95, 96). On appeal, the Eleventh Circuit affirmed "the district court's order granting summary judgment to the United States on the wrongful death claim." (ECF 102, at 6). A final judgment on the merits of an FTCA claim is the *sine qua non* for judgment bar application. Indeed, in *Simmons*, the Supreme Court

---

[3] On this latter point, the Supreme Court has since resolved that the judgment bar applies "once a plaintiff receives a judgment (*favorable or not*) in an FTCA suit." *Simmons*, 136 S. Ct. at 1847 (emphasis added).

specifically stated that the judgment bar is triggered when the district court enters judgment on an FTCA claim "because [plaintiff] simply failed to prove his claim." 136 S. Ct. at 1849. That description of the judgment bar fits this case exactly. And there is no question that the FTCA and *Bivens* claims here involve the same subject matter: "[a]s co-extensive causes of action, *Bivens* and FTCA claims *necessarily* arise from the same wrongful acts or omissions of a government official." *Denson*, 574 F.3d at 1336 (emphasis added).[4]

The judgment bar defense can only be raised *after* an FTCA claim arising out of the same subject matter has been resolved to judgment. *Will*, 546 U.S. at 354. Thus, it is often the case that the judgment bar is raised later in litigation. *See, e.g.*, *Rodriguez*, 873 F.2d at 817 n.1 (judgment bar raised after joint trial on *Bivens*/FTCA claims); *Manning*, 546 F.3d at 437 (same). Here, when this Court granted summary judgment in the United States' favor on the FTCA wrongful death claim, SA McFarlane had already been dismissed from the case. So there was no basis to bring the judgment bar to this Court's attention at that time. There was simply nothing to bar. *See Cruson*, 954 F.3d at 250 (defense is not "available" if raising it would have been "futile," such as when there are no relevant "live claims" before the court). It was not until the Eleventh Circuit

---

[4] In *Simmons*, the Court held that the judgment bar does not bar a *Bivens* claim when the FTCA claim was dismissed because of one of the exceptions found in 28 U.S.C. § 2680, such as the discretionary-function exception. 136 S. Ct. at 1847. That is because § 2680 states that "[t]he provisions of this chapter," including § 2676 (the judgment bar), "shall not apply" to any claim based on one of the exceptions to liability found in § 2680. *Id.*; *see also* 28 U.S.C. § 2680. That aspect of *Simmons* does not help Plaintiff here because the United States did not prevail on the FTCA wrongful death claim because of an exception found in § 2680, such as the discretionary-function exception. It prevailed "because [Plaintiff] simply failed to prove his claim," which *Simmons* states *does* trigger the judgment bar. *Id.* at 1849.

resurrected the *Bivens* claim and affirmed the grant of summary judgment on the FTCA claim that the judgment bar became available for resolution.[5]

Some courts have recognized that application of the judgment bar "may seem harsh." *McCabe v. MacAulay*, No. 05-73, 2008 U.S. Dist. LEXIS 105679, *43 (N.D. Iowa Aug. 1, 2008). But Congress placed plaintiffs on clear notice of the rules, and those rules apply even where the outcome may seem harsh. In fact, one court applied the judgment bar retroactively to vacate a $6.5 million *Bivens* verdict, even though it "result[ed] in a significant reversal of fortune" for the plaintiff. *See Manning*, 546 F.3d at 438. But "the fact of the matter is that . . . [f]ifty years of largely consistent case law would have precluded the district court from entering a judgment favorable to [plaintiff] on his *Bivens* claims upon entry of the merits judgment on his FTCA claim[.]" *Harris*, 422 F.3d at 337. Once Plaintiff here decided to allege that SA McFarlane committed *both* a state tort under the FTCA *and* a federal constitutional tort under *Bivens*, that choice came with consequences: he "risk[ed] having a judgment on the FTCA claims operate to bar [his] *Bivens* theories." *Unus*, 565 F.3d at 122; *see also Manning*, 546 F.3d at 434-35 (holding that at some point *prior to judgment* on the FTCA claim, "plaintiffs must make strategic choices in pursuing the remedies"). In the end, it was Plaintiff who "pursued

---

[5] Nor was SA McFarlane required to bring the potential application of the judgment bar to the Eleventh Circuit's attention in his appellee brief. That is because appellants, *not* appellees, control the issues on appeal. To hold otherwise would unnecessarily complicate appeals by forcing appellees to raise every conceivable basis for possible affirmance and require a second round of briefing in every appeal. The courts of appeals have universally rejected any such rule. *See Ms. S. v. Reg'l Sch. Unit 72*, 916 F.3d 41, 49 (1st Cir. 2019); *Frank v. Walker*, 819 F.3d 384, 387 (7th Cir. 2016); *Eichorn v. AT&T Corp.*, 484 F.3d 644, 657-58 (3d Cir. 2007); *Kessler v. Nat'l Enters., Inc.*, 203 F.3d 1058, 1059 (8th Cir. 2000); *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 741 (D.C. Cir. 1995); *see also Indep. Park Apartments v. United States*, 449 F.3d 1235, 1240 (Fed. Cir. 2006) ("As appellee, the government was not required to raise all possible alternative grounds for affirmance in order to avoid waiving any of those grounds."). That is especially so given that appellate courts are loathe to address an issue raised for the first time on appeal. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

[his] claims against the United States at [his] own peril." *McCabe*, 2008 U.S. Dist. LEXIS 105679, at *43 (citation omitted). Once the Eleventh Circuit affirmed judgment on the FTCA claims in this case, the risk of judgment bar application became a reality.

The Supreme Court took care to highlight this risk in 2006, explaining that if a plaintiff wants to avoid the judgment bar, he must either bring "a *Bivens* action alone" or keep the *Bivens* and FTCA claims "pending simultaneously." *See Will*, 546 U.S. at 354. Plaintiff here did neither. He litigated both an FTCA and a *Bivens* claim, lost the FTCA claim on the merits on summary judgment, and then lost his appeal. He does not get to litigate against SA McFarlane in this case any further. *See Simmons*, 136 S. Ct. at 1849.[6]

There is no basis to continue this lawsuit. No discovery or further proceedings will change the final FTCA judgment in favor of the United States, or the plain text of § 2676. *See Simon v. Muschell*, No. 09-301, 2015 U.S. Dist. LEXIS 197716, *8 (N.D. Ind. Sept. 4, 2015) (staying discovery while court considered judgment bar motion

---

[6] The Supreme Court recently granted certiorari on the following question: "whether a final judgment in favor of the United States in an action brought under Section 1346(b)(1), on the ground that a private person would not be liable to the claimant under state tort law for the injuries alleged, bars a claim under *Bivens*, that is brought by the same claimant, based on the same injuries, and against the same governmental employees whose acts gave rise to the claimant's FTCA claim." *Brownback v. King*, No. 19-546, 2019 U.S. S. Ct. Briefs LEXIS 5944, *I (Oct. 25, 2019), *cert. granted*, 2020 U.S. LEXIS 1659 (Mar. 30, 2020). In that case, the district court granted summary judgment in favor of the United States on an FTCA claim, in part, because of a state immunity provision. *See King v. United States*, 917 F.3d 409, 418-19 (6th Cir. 2019). According to the Sixth Circuit, the district court dismissed the claim for lack of subject matter jurisdiction and never reached the merits. *Id.* "Because the district court did not reach the merits," in the Sixth Circuit's view, "the FTCA's judgment bar does not preclude Plaintiff from pursuing his [*Bivens*] claims against Defendants." *Id.* Waiting for the Supreme Court's decision in *Brownback* is unnecessary. First, the case for judgment bar application is clear here. The United States did not prevail in this case because of a state immunity provision. It prevailed because this Court held that SA McFarlane's use of deadly force was reasonable under Florida law and did not constitute a battery. That scenario was already addressed in *Simmons*, where the Court stated in no uncertain terms that the judgment bar *is* triggered when the district court finds that the plaintiff "simply failed to prove [his] claim." 136 S. Ct. at 1849. Second, even if germane, the Sixth Circuit's decision in *King* is wrongly decided; its reasoning "would effectively nullify the judgment bar" whenever judgment is in favor of the United States, *see King*, 917 F.3d at 435 (Rogers, J., dissenting); and, as the Government argued in its opening brief on certiorari, the opinion conflicts with *Simmons* and every other federal appellate decision on this issue. *See Brownback v. King*, No. 19-546, 2020 U.S. S. Ct. Briefs LEXIS 1926, at 55 (June 19, 2020) ("Every other court of appeals to consider the issue in this case has rejected the Sixth Circuit's reasoning.") (collecting cases).

because "staying discovery is consistent with the purpose of the Judgment Bar, which 'protect[s] the United States not simply from the financial consequences of suit, but also from the burden of defending against suit'") (quoting *Williams v. Fleming*, 597 F.3d 820, 822-23 (7th Cir. 2010)). Even if this case went to a jury and Plaintiff prevailed, "the court would be required to take that verdict away." *McCabe*, 2008 U.S. Dist. LEXIS 105679, at *43; *see also, e.g.*, *Manning*, 546 F.3d at 432-38; *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994); *Rodriguez*, 873 F.2d at 815-16.

## CONCLUSION

For these reasons, this Court should grant the motion to dismiss, or in the alternative, for summary judgment, and end this case.

This 11th day of August 2020.                Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General,
Civil Division

MARIA CHAPA LOPEZ
United States Attorney

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch,
Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch,
Civil Division

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Attorney, Torts Branch
Civil Division, U.S. Department of Justice
Ben Franklin Station, P.O. Box 7146
Washington, D.C.  20044-7146
Tel (202) 616-4322; Fax (202) 616-4314
siegmund.f.fuchs@usdoj.gov

Attorneys for Defendant McFarlane

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on August 11, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

 James V. Cook, Esq.
 Thania Diaz Clevenger, Esq.
 Tark Aouadi, Esq.
 Daniel W. Eckhart, Esq.
 David J. Officer, Esq.
 Gregory P. Benoit, Esq.

            <u>/s/ Siegmund F. Fuchs</u>
            SIEGMUND F. FUCHS
            Senior Trial Attorney, Torts Branch,
            Civil Division
            U.S. Department of Justice