# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ESTATE OF IBRAGIM TODASHEV,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. 6:17-cv-919-Orl-41GJK

## DEFENDANT AARON McFARLANE'S MOTION TO STAY ALL DISCOVERY DEADLINES UNTIL THE COURT RESOLVES THE MOTION TO DISMISS

Individual Federal Defendant Aaron McFarlane, through the undersigned counsel, hereby moves to stay all discovery deadlines and all related pretrial proceedings until after resolution of his pending motion to dismiss, (ECF 105), and submits the following.

### I.    PROCEDURAL BACKGROUND

One claim remains in this case, Count Two, which alleges an excessive force claim against Individual Federal Defendant Aaron McFarlane, a Special Agent for the Federal Bureau of Investigation. That claim is brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, this Court previously granted summary judgment on a related wrongful death claim brought against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and §§ 2671-2680. (ECF 94, at 4). On appeal, the Eleventh Circuit affirmed the grant of summary judgment in favor of the United States on the FTCA claim. (ECF 102, at 6).

The FTCA contains a provision, known as the "judgment bar," that states: "The judgment in an action under section 1346(b) of this title shall constitute a *complete bar* to any action by the claimant, by reason of the same subject matter, against the employee of

the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676 (emphasis added). Based on the plain language of the judgment bar provision, Defendant McFarlane filed a dispositive motion to dismiss that, if successful, would end this case. (ECF 105). Because the motion is clearly meritorious and truly case dispositive, the Court should stay all discovery deadlines and all related pretrial proceedings until it resolves Defendant McFarlane's pending motion to dismiss.

## II.     ARGUMENT

As a general matter, "challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In making that determination, courts must take a "preliminary peek" at the merits of the motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.*

This Court previously stayed discovery in this case after taking a "preliminary peek" into previously filed motions to dismiss and finding them "clearly meritorious and truly case dispositive." (ECF 79, at 7-8). That same analysis compels the same result here. There is no question the pending motion to dismiss is "truly case dispositive" as it would dispose of the only remaining claim in this case. It is also "clearly meritorious." Indeed, the Supreme Court has specifically held that the judgment bar is triggered when a

district court finds that the plaintiff simply failed to prove his FTCA claim. *See Simmons v. Himmelreich*, 136 S. Ct. 1843, 1849 (2016). That is precisely what happened here. And every court of appeals to consider the question has held that an FTCA judgment on the merits bars a *Bivens* claim based on the same subject matter. *See White v. United States*, 959 F.3d 328, 333-34 (8th Cir. 2020); *Unus v. Kane*, 565 F.3d 103, 121-22 (4th Cir. 2009); *Manning v. United States*, 546 F.3d 430, 437 (7th Cir. 2008); *Harris v. United States*, 422 F.3d 322, 337 (6th Cir. 2005); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 858-59 (10th Cir. 2005); *Gasho v. United States*, 39 F.3d 1420, 1437 (9th Cir. 1994); *Rodriguez v. Handy*, 873 F.2d 814, 817 n.1 (5th Cir. 1989).

The unique nature of the judgment bar defense further warrants a stay. Indeed, that provision was enacted to prevent burdening the government with "unnecessarily duplicative litigation," *Simmons*, 136 S. Ct. at 1849; and to alleviate strains on federal resources and protect employee morale. *Will v. Hallock*, 546 U.S. 345, 354 (2006). In that regard, the judgment bar is not just a defense to liability, it is a defense to suit. *Simmons*, 136 S. Ct. at 1847 ("Under the judgment bar provision, once a plaintiff receives a judgment (favorable or not) in an FTCA suit, he generally cannot proceed with a suit against an individual employee based on the same underlying facts.").

In the analogous qualified-immunity context, where the immunity defense also protects federal employees from suit (and not just from liability), the Supreme Court and the Eleventh Circuit routinely tell lower courts to resolve the defense *prior* to allowing discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); *Holmes v. Hale*, 701 F. App'x 751, 756 (11th Cir. 2017)

("Until th[e] threshold immunity question is resolved, discovery should not be allowed.") (citation omitted). The issue seldom arises in the judgment-bar context because the defense does not become available until *after* an FTCA judgment issues, *Will*, 546 U.S. at 354, and at that point, discovery in many cases would have already taken place. *See, e.g.,* M*anning,* 546 F.3d at 437; *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994); *Rodriguez*, 873 F.2d at 817 n.1 (in each case, judgment bar defense raised after joint *Bivens*/FTCA trial). But where the FTCA judgment issues *before* discovery, and the individual federal employee moves to dismiss the related *Bivens* claim because of the judgment bar, a stay of discovery until after resolution of that motion to dismiss is appropriate. As one court explained, "staying discovery is consistent with the purpose of the Judgment Bar, which 'protect[s] the United States not simply from the financial consequences of suit, but also from the burden of defending against suit'" *Simon v. Muschell*, No. 09-301, 2015 U.S. Dist. LEXIS 197716, *8 (N.D. Ind. Sept. 4, 2015) (quoting *Williams v. Fleming*, 597 F.3d 820, 822-23 (7th Cir. 2010)).

      If the judgment bar motion is successful, this case is over, entirely limiting the need for discovery. By comparison, Plaintiff would suffer no harm from the minor delay that would result while the Court resolved the pending motion to dismiss, which raises a single issue and is fully briefed. And in the overall analysis, the unique nature of the judgment bar most certainly tips the balance in favor of a stay given that the very purpose of the defense is to avoid burdening the U.S. government and its federal employees with duplicitous litigation.

### III.   CONCLUSION

For these reasons, Defendant McFarlane respectfully requests this Court stay all discovery deadlines and all related pretrial proceedings until it rules on the pending motion to dismiss based on the FTCA judgment bar.

### LOCAL RULE 3.01(g) CERTIFICATION

Counsel have conferred under Local Rule 3.01(g). Plaintiff opposes this motion.

This 1st day of September, 2020.   Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General,
Civil Division

MARIA CHAPA LOPEZ
United States Attorney

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch,
Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch,
Civil Division

/s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
Senior Trial Attorney, Torts Branch
Civil Division, U.S. Department of Justice
Ben Franklin Station, P.O. Box 7146
Washington, D.C.  20044-7146
Tel (202) 616-4322; Fax (202) 616-4314
siegmund.f.fuchs@usdoj.gov

Attorneys for Defendant McFarlane

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 1, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

    James V. Cook, Esq.
    Thania Diaz Clevenger, Esq.
    Tark Aouadi, Esq.
    Daniel W. Eckhart, Esq.
    David J. Officer, Esq.
    Gregory P. Benoit, Esq.
    Adam Smart, Esq.
    Richard J. Rafferty, Esq.

                                      /s/ Siegmund F. Fuchs
                                      SIEGMUND F. FUCHS
                                      Senior Trial Attorney
                                      U.S. Department of Justice
                                      Torts Branch, Civil Division