UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ESTATE OF IBRAGIM TODASHEV, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA et al., <br><br> Defendants. | Case No. 6:17-cv-919-CEM-DCI |

**PLAINTIFF'S RESPONSE TO DEFENDANT McFARLANE'S MOTION
TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, HASSAN SHIBLY, and Responds in Opposition to Defendant AARON McFARLANE's Motion to Dismiss or for Summary Judgment and would show as follows:

1. Defendant McFarlane seeks dismissal on Rule 12(b)(6) or 56, claiming:

   a. Defenses that are not merits-based, as here, are appropriate for ruling under Fed.R.Civ.P. 12(b)(6), as opposed to Fed.R.Civ.P. 56.

   b. The FTCA judgment bar defense is akin to abatement in that it automatically bars claims arising out of the same subject matter.

   c. If the Court finds a motion to dismiss an inappropriate vehicle, Defendant alternatively moves for summary judgment under Rule 56.

2. Plaintiff will respond as follows:

   a. Dismissal or summary judgment is not appropriate where the Appellate decision was based on a procedural default and not on the merits.

1

## MEMORANDUM OF LAW

The "judgment bar" in litigation under the Federal Tort Claims Act (FTCA), is found at 28 U.S.C. § 2676: "The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." Cases in the various circuits have differed in whether the bar admits to exceptions or whether it was categorical and automatic, primarily dividing on the issue of whether a judgment was on the merits. The U.S. Supreme Court has recently ruled in *Simmons v. Himmelreich*, 136 S.Ct. 1843 (2016), that there *are* exceptions to the operation of the FTCA judgment bar.

### I.   Evolution of the Application of the FTCA Judgment Bar

No reported Eleventh Circuit opinion has decided whether the Federal Tort Claims Act judgment bar, 28 U.S.C. § 2676, applies to judgments that are procedural rather than merits-based. An early critique of the application of the judgment bar was based on whether an FTCA and Bivens action were brought together. Some courts have found that the judgment bar applied in every case without exception. That interpretation was swept away by the unanimous decision of the U.S. Supreme Court in 2016 in *Simmons v. Himmelreich, supra*. Since that time, the jurisprudence relating to the application of the judgment bar has evolved and the "merits-based" judgment requirement has gained some acceptance.

### A. The First Circuit

In *Donahue v. Connolly*, the 1st Circuit appears to emerge as an outlier, determining that the judgment bar would not apply when a plaintiff's FTCA claim was dismissed on procedural grounds (the Donahues had filed their FTCA claim beyond the two-year statute of limitations). *Donahue v. Connolly*, 890 F.Supp. 2d 173 (D.Mass. 2012). The District Court decided, as a matter of first impression, that the FTCA's judgment bar "did not preclude [a] Bivens claim against FBI officials after plaintiff's FTCA claim against the FBI was dismissed." An examination of the judgment bar's legislative history convinced the court that congress did not intend for the "judgment bar [to be]… applied to all judgments, no matter their import or quality." Contemplating the judgment bar's vagueness, and considering whether a suit dismissed for lack of jurisdiction had actually been "litigated and submitted for determination" (according to *Black's Law Dictionary*'s definition of 'judgment'), the court decided to be more nuanced where other circuits have opted for the absolutist reading. It paid significant attention to the record of a January 1942 hearing before the House of Representatives on H.R. 5373 and H.R. 6463, in which the judgment bar "was proposed to be inserted. An Assistant Attorney General Francis Shea explained the logic of the judgment bar:

> If the Government has satisfied a claim which is made on account of a collision between a truck carrying mail and a private car, that should, in our judgment, be the end of it. After the claimant has obtained satisfaction of his

3

>claim from the Government, either by a judgment or by an administrative award, he should not be able to turn around and sue the driver of the truck.

*Id*. at 181. The court also quoted from a section of the hearing focusing on the entitlement of the plaintiff to go to court if his/her FTCA claim were defeated—a transcript suggesting a plaintiff was meant to be given a second crack at his suit (perhaps to the chagrin of other circuits).

>Mr. Chairman: If a person has a claim before the agency and it is finally disposed of by that agency then can the claimant abandon the whole thing and go to court?
>
>Mr. Shea: Yes.

*Id.* The Chairman then drove this point home, asking "Why do you allow that? If he submits himself to the jurisdiction of the agency, then after he has lost you permit him to go into a court?" *Id.* Shea replied, "That is because the theory of this bill is to give him a right of action so that he has the right to a day in court." *Id.* The Chairman continued to press the point, expressing skepticism that the waiver of sovereign immunity should "permit [the claimant] to experiment when he has two routes to go." *Id.* Shea responded that the bill "contemplate[s] ... that [the claimant] be given a remedy in the courts," but that "provision is allowed ... for settling it" through administrative means.

In rejecting a reading of section 2676 that would trigger the judgment bar for "all procedural or jurisdictional dismissals of FTCA claims," the court asserted that such a reading would "yield absurd results"—as it would bar any legal redress in a

4

case like this, in which the plaintiff's claims were clearly not frivolous, and in which there was no possibility for double recovery. Finally, the court rejected defendant's argument that an FTCA claim decided on a statute of limitations issue had been judged on the merits, thereby legitimately triggering the judgment bar.

### B. The Second Circuit

In *Will v. Hallock*, 546 U.S. 345 (2006), the U.S. Supreme Court vacated the Second Circuit case, *Hallock v. Bonner*, 387 F. 3d 147 (2d Cir. 2004), but in so doing, did not find fault with the holding of the Second Circuit that the judgment bar did not apply because the FTCA action was not properly brought. Thus, the Second Circuit lined up with circuits that would eventually be vindicated by *Simmons* – that application of the judgment bar is not categorical or automatic. The U.S. Supreme Court did find there was no basis for a collateral appeal. Id. at 961.

### C. The Third Circuit

In *Kreider v. Breault*, echoing *Donahue*, the 3rd Circuit rejected what it perceived to be the inevitably "absurd results" that would follow from a strict reading of the judgment bar as applied to a non-final judgment on an FTCA claim that was favorable to the government. *Kreider v. Breault*, WL 3518470 (E.D. Pa. Aug. 15, 2012). Because the plaintiff had brought only one suit against the government, and had not yet recovered against either the U.S. or the defendant (a detective), the court reasoned that neither of the purposes Congress envisioned

5

would be served by barring the plaintiff's *Bivens* claim (avoiding dual recovery and alleviating the government's burden of defending multiple lawsuits). To the question of whether section 2676 applied to a non-final judgment in favor of the U.S. on an FTCA claim, the court decided, "in light of congressional intent and common-law understanding" and only "in this narrow context," that it did not. A 2018 Third Circuit case, *Pellegrino v. United States Transp. Sec. Admin. , Div. of Dept. of Homeland Sec.*, 896 F.3d 207, 231 (3d Cir. 2018), was deemed to have been resolved by the Supreme Court in *Simmons v. Himmelreich*, 136 S.Ct. 1843, 1847–48, 195 L.Ed.2d 106 (2016).

### D. The Fourth Circuit

In *Sanchez v. McLain* (*Sanchez v. McLain*, 867 F. Supp. 2d 813, S.D.W. Va. 2011), the 4th Circuit followed *Trentadue*'s lead, holding that a plaintiff would risk dismissal of his *Bivens* claim under the judgment bar regardless of the chronology or fusion of his claims, and regardless of the outcome of his FTCA judgment (On this last point, the court was extending its determination in *Kaufman v. Baynard*, in which the insignificance of the outcome of a plaintiff's FTCA claim was chalked up to something approaching popular consensus—"it is generally recognized that § 2676 makes no distinction between favorable and unfavorable judgments…" *Kaufman v. Baynard*, 2012 WL 844480, *12 (S.D.W. Va. Feb. 3, 2012); a point of view it also reiterated in *Unus v. Kane*, 565 F.3d 103, 121–22 2009). Thus, the

judgment for the U.S. on a prisoner's FTCA claim barred his *Bivens* claim against his physicians. (And this was so despite the fact that the plaintiff's FTCA claim had been dismissed due to his failure to exhaust his administrative remedies). The court's holding offers a paradigm of the strict, 'plain text' construction of § 2676, on the theory of an intent to save the government as much litigation as possible:

> The answer to the question of whether the judgment bar is triggered only by certain kinds of judgments (e.g., judgments on the merits, judgment based on lack of subject matter jurisdiction, or venue or failure to state a claim) lies once again with the plain terms of the statute. As discussed *supra,* the statute, by its terms, speaks of "judgment." Congress did not modify, and thus did not limit, the word in any manner.

2012 WL 844480 at *12. By 2018, the landscape had been sufficiently changed by *Simmons* so that the Northern District of West Virginia could write:

> The judgment bar is not triggered, however, by every FTCA dismissal. Courts consistently hold that the judgment bar does not apply when claims in an FTCA case are dismissed because they could not be pursued under the FTCA in the first place. *See, e.g., Simmons v. Himmelreich*, 136 S.Ct. 1843, 1850 (2016) ("The judgment bar provision ... does not apply to the categories of claims in the 'Exceptions' sections of the FTCA."); *Will v. Hollack*, 387 F. 3d 147, 155 (2d Cir. 2004) ("[F]or the judgment bar to apply, the action must be a proper one for consideration under the [FTCA]."); *Donahue v. Connolly*, 890 F. Supp. 2d 173 (D. Mass. 2012) (holding that, "because the statute of limitations is an absolute jurisdictional bar, the dismissal of the FTCA action does not bar the Bivens claims brought contemporaneously").

*Berryman v. Mullen*, 1:16CV47, 2018 WL 1247878, at *4 (N.D.W. Va. Mar. 9, 2018). Although not a circuit court case and not reported, the *Berryman* court does fairly summarize issues raised in other circuits that remain live in the Fourth.

7

## E. The Fifth Circuit

In *Rodriguez v. Handy*, the 5th Circuit lined up with its 'sister circuits' in adopting the absolutist reading of Section 2676. *Rodriguez v. Handy*, 873 F.2d 814, 816 (5th Cir. 1989). The court held that the "price of obtaining an FTCA judgment [regardless of its outcome] against the United States based on a given incident is the loss of all claims arising from that incident against the United States' agents."

## F. The Sixth Circuit

In *Harris*, the 6th circuit upheld the bar even though the plaintiff had brought his two claims concurrently in one suit. *Harris v. United States*, 422 F.3d 322 (6th Cir. 2005) The plaintiff's FTCA judgment on the merits "barred [his] *Bivens* claims… related to the same occurrence." "Section 2676," the court held, echoing the 9th circuit in *Manning*, that application of the judgment bar "makes no distinction between favorable and unfavorable judgments."

*Simmons v. Himmelreich* was a Sixth Circuit case, the Court affirming the Sixth Circuit opinion. *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 579 (6th Cir. 2014). In the wake of the U.S. Supreme Court opinion, the Sixth Circuit has held in *King v. United States*, that in a case where "the district court dismissed Plaintiff's FTCA claim for lack of subject-matter jurisdiction. Because the district court did not reach the merits of Plaintiff's FTCA claim, the FTCA's judgment bar does not preclude Plaintiff from pursuing his claims against Defendants." *King v.*

*United States*, 917 F.3d 409, 419 (6th Cir. 2019), *cert. granted sub nom. Brownback v. King*, 140 S. Ct. 2563 (2020), *and cert. denied sub nom. King v. Brownback*, 140 S. Ct. 2565 (2020).

### G. The Seventh Circuit

In *Manning*, the 7th Circuit determined that the FTCA's judgment bar required "retroactive nullification" a prior judgment on *Bivens* claims arising from [the] same occurrence… even though both claims were raised in [the] same lawsuit." *Manning v. United States*, 546 F.3d 430, 437 (7th Cir. 2008) In justifying wiping out Manning's *Bivens* verdict, the court cited a string of cases supporting the proposition that "a judgment on an FTCA claim requires vacatur of an earlier judgment on a *Bivens* claim."

### H. The Ninth Circuit

In *Kreines v. U.S.*, the Ninth Circuit held that in the case of an FTCA ruling favorable to the government, where judgments on a plaintiff's FTCA and *Bivens* claims were issued contemporaneously, the Bivens claim would not be barred by 28 U.S.C. § 2676. The 9th Circuit reasoned that leaving the Bivens suit open in such scenarios would respect congress's main intention in fashioning the FTCA judgment bar— to avoid the possibility of double recovery and multiple lawsuits based on the same facts. *Kreines v. United States*, 959 F.2d 834 (9th Cir. 1992).

While *Kreines* was not overruled in the 9th circuit, it was quickly cabined to cases involving similar fact-patterns (where a FTCA ruling favors the government *and* where the *Bivens* and FTCA claims are part of the same suit). The court in *Gasho v. U.S.* ruled that, generally, the judgment bar would operate "whether judgment in the FTCA action was for or against the government." *Gasho v. United States,* 39 F.3d 1420, 1437 (9th Cir.1994). Thus, *Kreines* did not apply where the plaintiffs (the Gashos) had brought two separate claims. If a plaintiff wanted to bring both actions, the court indicated, its *Bivens* suit would have to come first. "We are not persuaded," the court held, "that Congress intended to permit a claimant to have a second chance after losing his FTCA action."

Distinguished—and so weakened— within the 9th Circuit, *Kreines* appears to have been largely rejected by other circuits Some circuits have rejected *Kreines* by adopting a starker construction of the § 2676 judgment bar as precluding *Bivens* suits regardless of the outcome of the FTCA claim based on a reading of legislative intent that differs from that of the *Kreines* court. Congress sought, according to this alternative reading, not only to eliminate double recovery but to reduce caseloads. These courts have indicated that they can live with a version of the § 2676 judgment bar that sometimes operates extremely harshly on plaintiffs.

In *Fazaga v. Fed. Bureau of Investigation*, 965 F.3d 1015, 1064 (9th Cir. 2020), the Ninth Circuit relied on *Kreines* to rule that the judgment bar provision

precludes claims against individual defendants in two circumstances: (1) where a plaintiff brings an FTCA claim against the government and non-FTCA claims against individual defendants in the same action and obtains a judgment against the government, *see Kreines v. United States*, 959 F.2d 834, 838 (9th Cir. 1992); and (2) where the plaintiff brings an FTCA claim against the government, judgment is entered in favor of either party, and the plaintiff then brings a subsequent non-FTCA action against individual defendants, see *Gasho v. United States*, 39 F.3d 1420, 1437–38 (9th Cir. 1994). The court ruled that the purposes of this judgment bar are "to prevent dual recoveries," *Kreines*, 959 F.2d at 838, to "serve[ ] the interests of judicial economy," and to "foster more efficient settlement of claims," by "encourag[ing plaintiffs] to pursue their claims concurrently in the same action, instead of in separate actions," *Gasho*, 39 F.3d at 1438.

### I. The Tenth Circuit

In *Trentadue*, the 10th Circuit held that Section 2676 applied retroactively to bar a *Bivens* judgment entered prior to an FTCA judgment—so the court wiped out the plaintiff's Bivens victory upon the entry of judgment in his FTCA suit. *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840 (10th Cir. 2005). The bar applied "regardless of whether the final FTCA judgment is rendered in favor of plaintiff or government." The court, moreover, summarily dismissed the importance of the fusion or chronology of a plaintiff's claims: the judgment bar

11

was held to apply whether or not the claims were tried separately, and "did not depend on [the] order in which claims were decided."[1]

## J. The Eleventh Circuit

It was clearly the intention of the Eleventh Circuit in the instant case *not* to trigger the FTCA judgment bar since it reversed the judgment and remanded as to the *Bivens* action but not the action based on the FTCA claims. The Fourth Amendment case was based on substantially the same facts as the FTCA battery claim. No reported Eleventh Circuit has definitively decided whether dismissal of an FTCA suit based on procedural grounds would bar subsequent Bivens claims. *Addison v. Arnett*, 2015 WL 1259263 at *1. (S.D. Ga.).[2]

In *Gibson v. F.B.I.,* 2014 WL 5473833 (N.D. Ala.) the court imposed a § 2676 judgment bar for a *Bivens* action in a case that was based on the § 2680 "detention of goods" exception, that would have run afoul of *Simmons*, but the claim was also dismissed as untimely and for failure to state a claim. *Id*. at *1-2. In Denson, the Eleventh Circuit approved the application of the § 2676 judgment bar

---

[1] The Western District of Oklahoma in *Stout v. United States* has taken a broader interpretation from Simmons, holding, "The Court did not issue a judgment on the merits, so the judgment bar will not preclude Plaintiffs' claims against Individual Defendants." *Stout v. United States*, No. 15-cv-379-WPJ, at *12 (W.D. Okla. Dec. 15, 2016)

[2] Although the Magistrate's recommended order agreed with the Second Circuit decision in *Hallock v. Bonner*, 387 F.3d 147 (2d Cir.2004), *vacated on other grounds sub nom Will v. Hallock*, 126 S.Ct. 952, *Addison* did not decide whether the judgment bar should be denied because a dismissal was based on procedural grounds as opposed to the merits. It found, as did *Simmons, supra*, that the judgment bar did not apply to a case dismissed pursuant to an exception set forth in 28 U.S.C. § 2680; this is not because the dismissal judgment was procedural rather than merits-based, but rather because the action was not properly brought under the FTCA. *Id.*

12

where the FTCA counts were resolved favorably to the United States at trial. At this point, there appear to be no reported Eleventh Circuit opinions that apply the judgment bar where there has been no resolution of the FTCA action on the merits.

## II.     The U.S. Supreme Court in *Simmons v. Himmelreich*

The U.S. Supreme Court in *Simmons v. Himmelreich*, 136 S.Ct. 1843 (2016), has answered at least one question on which the circuit courts were divided: whether the FTCA judgment bar is categorical and automatic. It is not. The Court made it clear that the judgment bar is limited by the intentions expressed in other parts of the statute. The Court left open the issue of whether a judgment *not on the merits* triggers the judgment bar.[3] In a footnote, the Court cited to its earlier case on the judgment bar, *Will v. Hallock*, 546 U.S. 345, 354 (2006), to draw an analogy to the common-law doctrine of claim preclusion, which prevents duplicative litigation by barring one party from again suing the other over the same underlying facts. This Court has said that the judgment bar provision "functions in much the same way" as that doctrine. *Simmons* at 1849, n.5.

---

[3] Defendants quote part of the following passage from *Simmons,* excluding the last sentence:
> If the District Court in this case had issued a judgment dismissing Himmelreich's first suit because the prison employees were not negligent, because Himmelreich was not harmed, or because Himmelreich simply failed to prove his claim, it would make little sense to give Himmelreich a second bite at the money-damages apple by allowing suit against the employees: *Himmelreich's first suit would have given him a fair chance to recover damages for his beating*.

*Simmons v. Himmelreich*, 136 S. Ct. 1843, 1849 (2016). The net effect of the full quote appears to support a requirement for a determination on the merits. However, the Eleventh Circuit opinion suggests that a procedural default, not a merits determination, underlay its affirmance.

In considering whether a denial of a motion to dismiss under the judgment bar was subject to collateral appeal, the U.S. Supreme Court held:

> Since only some orders denying an asserted right to avoid the burdens of trial qualify, then, as orders that cannot be reviewed "effectively" after a conventional final judgment, the cases have to be combed for some further characteristic that merits appealability under *Cohen*; and as *Digital Equipment*[4] explained, that something further boils down to "a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement." 511 U.S., at 878–879, 114 S.Ct. 1992 (*citing Van Cauwenberghe v. Biard*, 486 U.S. 517, 524, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988)). *See also Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 502, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989) (SCALIA, J., concurring) ("The importance of the right asserted has always been a significant part of our collateral order doctrine").

*Will v. Hallock*, 546 U.S. 345, 351-52 (2006). *Hallock* also noted:

> Although the statutory judgment bar is arguably broader than traditional res judicata, it functions in much the same way, with both rules depending on a prior judgment as a condition precedent and neither reflecting a policy that a defendant should be scot free of any liability. The concern behind both rules is a different one, of avoiding duplicative litigation, "multiple suits on identical entitlements or obligations between the same parties.

*Id., citing* 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4402, p. 9 (2d ed.2002).

### III. When the Plaintiff's FTCA Claim is not Judged on the Merits

Most circuits have not clearly answered the question of how the FTCA judgment bar should apply when a FTCA claim is dismissed on grounds that are procedural or non-merits based. At least three circuits (3rd, 4th, 9th) have indicated that the judgment bar will apply even where an FTCA claim is not decided on the

---

[4] *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 114 S.Ct. 1992 (1994)

14

merits (*See Kreider*, *supra*, Third Circuit) in which the 3rd circuit held that a dismissal for failure to exhaust administrative remedies triggered section 2676; *Sanchez, supra*, Fourth Circuit, in which the Fourth Circuit, similarly, found that plaintiff's FTCA claim barred his Bivens claim, even though it was dismissed for failure to exhaust administrative remedies; and *Janis v. U.S.,* 2011 WL 1258521 (E.D. Cal.), in which the 9th circuit determined that the judgment bar was triggered where the FTCA claim was dismissed for lack of subject-matter jurisdiction).

As noted above, *Donahue* suggests that the 1st Circuit adopts a different stance (at least, the contrary position is suggested in its holding). *Donahue* held that "dismissal based on the jurisdictional statute of limitations cannot be on the merits, for purpose of FTCA's judgment bar rule, just because it involved a detailed factual analysis of temporal events related to the claim"—implying that it sees the judgment bar as limited to judgments on the merits, though not explicitly. That the court in *Donahue* cited *Will v. Hallock* ("holding that an FTCA action dismissed for lack of subject matter jurisdiction "does not result in a 'judgment' " under section 1346") indicates its inclination to distinguish procedural judgments from judgments on the merits, against the grain of other circuits.

The 10th circuit has not yet provided an answer to the question, and deliberately sidestepped it in *Williams v. Fleming*. ("We have not yet addressed the precise question of whether a judgment under the FTCA must be "on the merits"

15

for the judgment bar to apply. Nor do we reach that question today."). *Williams v. Fleming*, 597 F.3d 820, 823 (7th Cir. 2010).

**Conclusion**

In a 1913 article in *Harper's Weekly*, shortly before his appointment to the U.S. Supreme Court by President Woodrow Wilson, Justice Louis Brandeis made his famous statement that "sunlight is said to be the best of disinfectants." Since a denial of the application of the Federal Tort Claims Act's judgment bar is not open to collateral appeal, *Will v. Hallock*, 546 U.S. 345, 347 (2006), the underlying facts of this troubling matter can be brought into the sunlight.

WHEREFORE, Plaintiff requests that this Honorable Court DENY both Defendant's Motion to Dismiss and for Summary Judgment.

Respectfully Submitted,    *s/James V. Cook*_____
JAMES V. COOK, ESQ.
Florida Bar Number 0966853
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 850 561-0836 fax
cookjv@gmail.com

ATTORNEY FOR PLAINTIFF

I CERTIFY the foregoing was filed electronically on 9/1/20 and served on all counsel registered with the CM/ECF electronic mail system.

*s/James V. Cook*