# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ESTATE OF IBRAGIM TODASHEV,

    Plaintiff,

v.

UNITED STATES OF AMERICA et al.,

    Defendants.

Case No. 6:17-cv-919-CEM-DCI

## PLAINTIFF'S RESPONSE TO DEFENDANT McFARLANE'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS AND UNOPPOSED MOTION TO TAKE RESPONSE OUT OF TIME

Plaintiff, HASSAN SHIBLY, responds to Defendant McFarlane's Motion to Stay all Discovery Deadlines until the Court Resolves the Motion to Dismiss and further Moves the Court to take this response out of time, and would show:

Defendant McFarlane seeks to stay discovery in this case pending resolution of his Motion of August 11, 2020, which is pending before the Court. Defendant asks this Court to stay discovery to avoid the costs and burdens it entails.

Plaintiff has previously argued that courts are divided on whether the judgment bar is available where no resolution was reached on the merits (based on the intent of the law to avoid second trials on the same facts). The Eleventh Circuit has not yet decided the issue. A case from the Sixth Circuit, *Brownback v. King*, No. 19-546, currently before the U.S. Supreme Court, could change the application of the FTCA judgment bar. Oral argument is scheduled for November 9.

1

## MEMORANDUM OF LAW

Plaintiff submits that a second dismissal or stay of discovery would not be consistent with the apparent intentions of the Eleventh Circuit and and asks if there are means to avoid that result, that they be considered.[1] Plaintiff now asks this Honorable Court to permit discovery to proceed. Plaintiff will separately move the Court to defer ruling on the Defendant's Motions on the Judgment Bar until the end of discovery, currently set for June of 2021, to permit Plaintiff to seek evidence to determine whether facts exist to change the complexion of the case.

A stay of discovery would substantially affect a resolution of the case on the merits. "In this Circuit, there is a strong policy of deciding cases on the merits where reasonably possible." *Hush Little Baby, LLC v. Chapman*, No. 8:13-CV-2027-T-17AEP, at *3 (M.D. Fla. Mar. 24, 2015) *citing Perez v. Wells Fargo, N.A.*, 774 F.3d 1329 (11 Cir. 2014). *See also Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). "The general preference is that cases be heard on the merits rather than resorting to sanctions that deprive litigants of their day in court." *Muhammad v. Dale*, 2008 WL 4319975 at *2 (S.D. Ala. 2008) *citing Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Courts prefer adjudication on the

---

[1] The Eleventh Circuit found that Plaintiff "abandoned" the arguments under the Federal Tort Claims and that was true as far as this Court's dismissal based on negligence. However, Plaintiff submits that the "battery" issue, which was separately decided on the basis of summary judgment, was argued along with the excessive force argument in *Bivens*.

merits. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981); *Varnes v. Local 91, Glass Bottle Blowers*, 674 F.2d 1365, 1369 (11th Cir. 1982); *Robert Ochoa v. Principal Mut. Ins. Co.*, 144 F.R.D. 418 (N.D.Ga. 1992); *Lee v. Huttig Building Products, Inc.*, 2005 WL 1618796 at *2 (M.D. Ga. July 6, 2005).

Plaintiff moves the Court to take this response out of time and would show that Defendant does not oppose the Motion and that the Motion for Stay came at the same time Plaintiff filed his Response to the Defendant's Motion to Dismiss and Plaintiff's counsel misconstrued the activity in the file on that date as his own.

WHEREFORE, Plaintiff asks that this Honorable Court decline to stay discovery in this case and accept this response out of time.

Respectfully submitted, *s/James V. Cook*
JAMES V. COOK, FBN 966853
Law Office of James Cook 314
West Jefferson Street Tallahassee,
Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

I CERTIFY I have conferred in good faith with opposing counsel and opposing counsel does not object to consideration of this response out of time.

I CERTIFY the foregoing was filed electronically on 9/24/20 to counsel of record registered to be notified by the CM/ECF electronic mail system.

*s/James V. Cook*
JAMES V. COOK