UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ESTATE OF IBRAGIM TODASHEV,**

    **Plaintiff,**

v.                                             Case No: 6:17-cv-919-Orl-41GJK

**AARON MCFARLANE,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on Individual Federal Defendant Aaron McFarlane's Motion to Dismiss ("Motion," Doc. 105) and Plaintiff's Response (Doc. 114). As set forth below, the Motion will be granted.

### I. BACKGROUND

Plaintiff, Hassan Silby, filed suit as the personal representative for the Estate of Ibragim Todashev and his survivors after Todashev was killed by FBI Agent Aaron McFarlane. (*See generally* Compl., Doc. 1). In his Second Amended Complaint, Plaintiff brought five counts against the United States and several individuals ("Individual Defendants"). (*See generally* Second Am. Compl., Doc. 48). Defendants all filed Motions to Dismiss (Doc. Nos. 59, 60, 63). In addition, McFarlane filed a Motion for Pre-Discovery Summary Judgment (Doc. 61) on the Fourth Amendment excessive force claim brought against him pursuant to the Supreme Court's decision in *Bivens v. Six Unknown Named Federal Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In responding to the Motion for Pre-Discovery Summary Judgment, Plaintiff requested discovery pursuant to Federal Rule of Civil Procedure 56(d). (Response to Pre-Discovery Motion

for Summary Judgment, Doc. 67, at 23–24). Subsequently, the Individual Defendants filed an Unopposed Motion for Pretrial Conference (Doc. 70), in which they requested a stay of discovery until the Court ruled on the pending Motions to Dismiss and Motion for Summary Judgment. Magistrate Judge Kelly entered an Order staying discovery. (Apr. 25, 2018 Order, Doc. 79, at 8). Plaintiff filed Objections (Doc. 80) to Judge Kelly's order.

The Court ultimately overruled Plaintiff's objections and granted McFarlane's Motion for Pre-Discovery Summary Judgment on the *Bivens* claim because the Court found McFarlane's use of force to be objectively reasonable. (August 17, 2018 Order, Doc. 87, at 25–26). The Court also granted the United States' Motion to Dismiss the Federal Torts Claims Act ("FTCA") claim for negligent hiring, finding that Plaintiff's claim was barred as it fell within the discretionary function exception to the FTCA. (*Id.* at 26). Finally, the Court granted the Individual Defendants' Motions to Dismiss. (*Id.*).

All that remained was Plaintiff's claim against the United States for wrongful death under the FTCA. The United States moved for summary judgment on this claim, (Motion for Summary Judgment, Doc. 75), and the Court granted the motion, (December 12, 2020 Order, Doc. 94, at 6). The Court reasoned that because, under Florida law, law enforcement officers cannot be liable for negligence and McFarlane's conduct was objectively reasonable, as determined in the August 17, 2018 Order, the United States could not be liable under the FTCA. (*Id.* 2–4). The Court also rejected the wrongful death claim to the extent it was a premised on a Constitutional violation, finding that the United States could not be liable for a deprivation of Constitutional rights where none was found. (*Id.* at 4). The Court then entered a final judgment in favor of the United States. (Judgment in a Civil Case, Doc. 95).

Plaintiff appealed the Court's denial of his request to conduct discovery and the Court's grant of summary judgment as to McFarlane. (Notice of Appeal, Doc. 96). The Eleventh Circuit held that Plaintiff was entitled to conduct discovery prior to the ruling on McFarlane's Motion for Pre-Discovery Summary Judgment. *Estate of Todashev by Shibly v. United States*, 815 F. App'x 446, 453 (11th Cir. 2020). However, because Plaintiff did not raise the issues on appeal, the Eleventh Circuit summarily affirmed the Court's order granting the other Individual Defendants' Motions to Dismiss, its order dismissing the negligent supervision claim against the United States, and the award of summary judgment in favor of the United States on the wrongful death claim. *Id.* at 449. As a consequence, the only remaining claim is Plaintiff's *Bivens* claim against McFarlane alleging excessive force.

## II.  LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, "[t]he court is not [always] limited to the four corners of the complaint." *Long v. Slaton*, 508 F.3d 576, 578 n. 3 (11th Cir. 2007) (citation omitted). In addition to the complaint, the Court must also consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This includes the Court's own prior records and orders. *See In re Papatones,* 143 F.3d 623, 624 n. 3 (1st Cir. 1998) ("The court may take judicial notice of its own orders and of records in a case before the court . . . ." (internal quotations and citation omitted)).

### III.   ANALYSIS

McFarlane observes that Plaintiff litigated a claim against the United States to judgment and the Eleventh Circuit affirmed. Thus, because Plaintiff's *Bivens* claim arises from the same subject matter, McFarlane argues, under 28 U.S.C. § 2676, the Court's prior judgment in favor of the United States on Plaintiff's FTCA claims should preclude his *Bivens* claim. McFarlane is correct.

"Section 1346(b) [of the FTCA] grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and 'render[ed]' itself liable." *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)). Importantly, the statute contains a judgment bar that states: a "judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the

claimant, by reason of the same subject matter, against the employee of the Government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. Alternatively stated, "Under the judgment bar provision, once a plaintiff receives a judgment (favorable or not) in an FTCA suit, he generally cannot proceed with a suit against an individual employee based on the same underlying facts." *Simmons v. Himmelreich*, 136 S. Ct. 1843, 1847 (2016). Further, "[a] majority of courts have construed § 2676 as barring a plaintiff's *Bivens* claims, irrespective of whether the *Bivens* and FTCA claims were brought in the same lawsuit." *Denson v. United States*, 574 F.3d 1318, 1334 n.50 (11th Cir. 2009) (collecting cases).

The language of the judgment bar in § 2676 is broad and unambiguous. Here, the Court awarded summary judgment against Plaintiff on its wrongful death claim under the FTCA, thus, Plaintiff may not bring its *Bivens* claim against McFarlane based on the same underlying facts— those facts being the shooting of Todashev.[1] *See Manning v. United States*, 546 F.3d 430, 438 (7th Cir. 2008) (holding that judgment entered on merits in favor of government in the plaintiff's FTCA action barred *Bivens* claims against FBI agents arising from same occurrence pursuant to § 2676); *Rodriguez v. Handy*, 873 F.2d 814, 816 (5th Cir.1989) ("The moment judgment was entered against the government, then by virtue of § 2676, [defendant] was no longer answerable to [claimant] for damages." (quotation omitted)).

Nevertheless, Plaintiff attempts to overcome this conclusion, arguing that because his claimed was affirmed on procedural grounds, and not on its merits, the judgment bar should not

---

[1] Critically, only the prior judgment on Plaintiff's wrongful death claim under the FTCA triggers the judgment bar; the dismissal of the negligent hiring claim does not apply because it involved a discretionary function. *See Simmons*, 136 S. Ct. at 1847–48 (holding that the judgment bar was not triggered based on dismissal of federal prisoner's FTCA action against United States as "Exceptions" section of FTCA, 28 U.S.C. § 2780, states that the FTCA does not apply to cases based on the performance of a discretionary function).

apply. The success of Plaintiff's argument turns on the definition of "judgment," and whether this term includes the Court's order of summary judgment in favor of the United States and its subsequent affirmance on appeal. The FTCA does not define "Judgment." "Where a statute does not define a term, [courts] must give words their common and ordinary meaning, absent some established technical definition, unless the legislature intended otherwise." *Konikov v. Orange Cnty.*, 410 F.3d 1317, 1329–30 (11th Cir. 2005) (citation omitted). Here, a judgment was entered in favor of the United States and against Plaintiff on the wrongful death claim in accordance with the Federal Rules of Civil Procedure. (*See* Doc. 94 at 4 (grating summary judgment pursuant to Rule 56); Doc. 95 at 1 (entering judgment pursuant to Rule 54)). Thereafter, the judgment was affirmed on appeal. (Doc. 102 at 6). In the context of legal procedure, there is not a more common and ordinary meaning to the term "judgment" than what occurred here. *See also* Black's Law Dictionary (11th ed. 2019) (defining "judgment" as "[a] court's final determination of the rights and obligations of the parties in a case"). That Plaintiff abandoned this claim on appeal, which resulted in a summary affirmance, does not change the fact that a judgment was entered on the merits of this claim.

Moreover, many of the cases on which Plaintiff appears to rely are distinguishable and unpersuasive. For instance, several of the cases cited by Plaintiff involve instances in which the prior FTCA order was either non-final or did not involve a decision on the merits. *See, e.g.*, *King v. United States*, 917 F.3d 409, 419 (6th Cir. 2019), *cert. granted*, 140 S. Ct. 2563 (2020) (holding that "[a] dismissal for lack of subject-matter jurisdiction does not trigger the § 2676 judgment bar" (quotation omitted)); *Donahue v. Connolly*, 890 F. Supp. 2d 173, 188 (D. Mass. 2012) (determining that dismissal on jurisdictional grounds where plaintiff failed to bring FTCA claim within statute of limitations did not bar *Bivens* claim as it was not "on the merits"); *Kreider v.*

*Breault*, No. CIV.A. 10-3205, 2012 WL 3518470, at *7 (E.D. Pa. Aug. 15, 2012) (finding that judgment bar did not apply based on non-final judgment in favor of the United States).

Unlike the above cases, the Court's prior judgment on Plaintiff's wrongful death claim in favor of the United States was on the merits and final. Unlike *King*, for example, where the Sixth Circuit held that the judgment bar did not apply because the district court did not dismiss the original FTCA claim on the merits, 917 F.3d at 419, here, the Court clearly considered the merits of Plaintiff's wrongful death claim. The Court went well beyond the pleadings and premised its grant of summary judgment in large part on the objective reasonableness of McFarlane's use of force as originally stated in the August 17, 2018 Order. *See Griffith v. Wainwright*, 772 F.2d 822, 825 n.4 (11th Cir. 1985) ("[D]isposition of a case on summary judgment grounds represents a final adjudication on the merits."). Further, the judgment was final. After awarding summary judgment on the FTCA claim, all that was left for the Court to do was enter judgment in the United States' favor. *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990) (judgment is "final" strictly where it "end[s] litigation on the merits and leaves nothing for the court to do but execute the judgment" (quotation omitted)).

As a final note, the Court acknowledges and is aware of the Eleventh's Circuit prior holding in this case. However, the issue of the judgment bar's applicability was not before the Eleventh Circuit and only became relevant once Plaintiff's *Bivens* claim was resurrected. Indeed, when the Court entered summary judgment in favor of the United States on the wrongful death claim, McFarlane had already been dismissed from the case. Thus, because the Court is compelled to follow the clear language of § 2676, McFarlane's Motion must be granted.

## IV. CONCLUSION

Based on the Foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Individual Federal Defendant McFarlane's Motion to Dismiss (Doc. 105) is **GRANTED**. Plaintiff's *Bivens* claim, as set forth in count II of the Second Amended Complaint, is **DISMISSED with prejudice**.

2. The Clerk is directed to enter a judgment in favor of Individual Defendant Aaron McFarlane and against Plaintiff, providing that Plaintiff shall take nothing in its claim against Defendant.

3. All other pending motions are **DENIED as moot**.

The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on November 24, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record